IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Shelia T. Thomas,<br><br>        Plaintiff,<br>   v.<br><br>Santander Consumer USA Inc., and Santander Consumer USA Holdings Inc.,<br><br>        Defendants. | C/A. No. 0:15-cv-04980-CMC-PJG<br><br>**Opinion and Order**<br>**Adopting Report and Recommendation**<br>**(Granting ECF Nos. 24, 30 and**<br>**Dismissing Action)** |

Through this action, Plaintiff Shelia T. Thomas ("Thomas"), proceeding *pro se*, seeks recovery from her former employer, Defendant Santander Consumer USA Inc. ("SCUSA"), and SCUSA's parent company, Santander Consumer USA Holdings Inc. ("Santander Holdings"), for events surrounding and including termination of her employment. Thomas asserts four causes of action arising under federal employment statutes. She also appears to assert two claims arising under state law.

The matter is before the court on Defendants' separate motions. Defendant SCUSA, which concedes it was Thomas's employer, moves to compel arbitration and stay the action or, alternatively, to dismiss the action for lack of subject matter jurisdiction. ECF No. 24. Both forms of relief are sought based on an arbitration agreement ("Arbitration Policy") SCUSA argues is mutually-binding and encompasses all claims asserted in this action. *Id.* Defendant Santander Holdings denies it was Thomas's employer and moves to dismiss on that basis. ECF No. 30. It also argues three of Thomas's federal claims fail because she did not name Santander Holdings in her administrative charge. *Id.* In the alternative, Santander Holdings joins SCUSA's arguments to compel arbitration and dismiss based on a third-party beneficiary theory.

For reasons set forth below, the motions are granted and this action is dismissed without prejudice to Thomas's right to pursue her claims against SCUSA through arbitration.

## BACKGROUND

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 29, 2016, the Magistrate Judge issued a Report recommending Defendants' motions be granted and the action be dismissed. ECF No. 40.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Thomas filed objections on September 15, 2016. ECF No. 43. Defendants filed a joint response to Thomas's objections on September 30, 2016. ECF No. 45. The matter is now ripe for resolution.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a specific objection, the court reviews only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note))

## DISCUSSION

The court adopts both the reasoning and recommendation of the Report as supplemented below. Defendants' motions are, therefore, granted.

### I.     Dismissal of Defendant Santander Holdings

The Report recommends Thomas's claims be dismissed to the extent they are asserted against Santander Holdings based on Thomas's failure to contest that Defendant's arguments it was not Thomas's employer and did not operate any business in South Carolina where Thomas was employed. ECF No. 40 at 2. Thomas does not address this recommendation in her objections. Her objections are, instead, consistent with Defendants' position that SCUSA, not Santander Holdings, was Thomas's sole employer.[1]

The court has, therefore, reviewed the Report for plain error as to this recommendation. Finding none, the court adopts the recommendation of the Report and dismisses Santander Holdings as a Defendant.

The court, nonetheless, adds the following clarification of the basis for this ruling. Thomas's federal claims and any state claims that may be asserted against Santander Holding are dismissed pursuant to Rule 12(b)(6) because Thomas *has alleged no facts* giving rise to an

---

[1] In the first sentence of her objections, Thomas states she "filed this case against her former employer, Santander Consumer USA, Inc. ('SCUSA') *as well as against* Santander Consumer Holdings Inc. ('Santander Holdings')." ECF No. 43 at 1. Santander Holdings is not mentioned again in Thomas's objections. She does, however, make various references to SCUSA including that she "was contacted [while on medical leave] regarding transfer of employment or continued employment with SCUSA" after a change in ownership of her employer. *Id.* at 2.

3

inference Santander Holdings was her employer or was otherwise responsible for any of the allegedly wrongful actions. In reaching this conclusion the court relies on the Complaint, not on the declaration of Holly Hanes.[2]

The court also grants Santander Holdings' motion on additional grounds argued in its motion to dismiss. These include that three of Thomas's federal claims are barred as to Santander Holdings because Thomas did not name Santander Holdings in her administrative charge, an argument that relies on Rule 12(b)(1) of the Federal Rules of Civil Procedure, and that the remaining federal claim is barred by the statute of limitations, an argument that relies on Rule 12(b)(6). Thomas did not respond to either of these arguments.

The claims against Santander Holdings are, therefore, dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because Thomas has suggested no facts, either in response to Santander Holdings' motion or in her objections that might cure these deficiencies, the claims against Santander Holdings are dismissed with prejudice.

---

[2] While ostensibly based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, Santander Holdings' argument that it was not Thomas's employer relies primarily on a proffered declaration. ECF No. 30-2 (Declaration of Holly Hanes). Thus, it relies on material beyond the pleadings, taking it beyond the scope of Rule 12(b)(6). The court reaches the same conclusion based on a review of the Complaint itself. Beyond naming Santander Holdings as a Defendant, the Complaint's only direct reference to Santander Holdings is as follows: "Santander Consumer USA Inc. also known as Santander Consumer USA Holdings Inc. is a finance company specializing in consumer loans and refinance. Plaintiff will refer to the defendants as Santander Consumer USA, Santander, and SCUSA interchangabl[y]." Complaint at 2 ¶ 1. This statement does not allege Santander Holdings was Thomas's employer. It, at best, advances an implausible allegation that two separate legal entities are really just two names for the same entity. It follows that this statement does not raise a reasonable inference that Santander Holdings was Thomas's employer. This conclusion is particularly strong given Thomas's failure to argue otherwise either in response to Santander Holdings' motion to dismiss or in her objections.

**II.    Dismissal of Claims Against SCUSA in Favor of Arbitration**

Thomas objects to the recommendation that this action be dismissed because her claims fall within the scope of a valid, binding arbitration agreement. That agreement, set out in SCUSA's Arbitration Policy, reads, in part, as follows: "[SCUSA] and the Associate agree to submit to binding arbitration any dispute, claim or controversy that may arise between Associate and [SCUSA] arising out of or in connection with [SCUSA's] business, the Associate's employment with [SCUSA], or the termination of Associate's employment[.]" ECF No. 30-3 at 2. The Arbitration Policy further provides arbitration shall be conducted pursuant to "the American Arbitration Association's Employment Dispute Rules relating to Arbitration" and "[t]he arbitration shall be selected pursuant to the Rules of the American Arbitration Association or by agreement" between SCUSA and the Associate. *Id.*

Thomas concedes she "may have signed" an Arbitration Acknowledgement ("Acknowledgement") agreeing to be bound by the Arbitration Policy.[3] ECF No. 43 at 2 (conceding she may have signed but stating she does not recall doing so). She, nonetheless, "questions the enforcement" of the Arbitration Policy because (1) the space where her name should

---

[3] The Acknowledgement reads as follows:

> I, _____, an Associate of Santander Consumer USA Inc. (SCUSA), have reviewed a copy of the SCUSA's Arbitration Policy and understand that my employment is "at will" and that nothing contained in the arbitration agreement changes that status.
>
> I further confirm I have been advised that Arbitration is a condition of employment at SCUSA, and that by continuing my employment at SCUSA after being presented with the Arbitration Policy, I will be subject to such Arbitration policy.

ECF No. 30-3 at 3.

be printed is blank, (2) her signature was not witnessed on the date she signed the Acknowledgement, and (3) the Acknowledgement was not countersigned until over a month after Thomas signed it and then by an "unknown" person. *Id.* She also argues the Arbitration Policy should not be enforced for a variety of other reasons including that she was not given a copy of the rules by which any arbitration would be conducted and these rules were not reviewed with or made available to her "at any time including orientation." *Id.*

Thomas's objections either repeat arguments previously made or are variations on the same arguments. Each of these arguments is adequately and correctly addressed in the Report.[4] Thomas does not direct the court to any specific error in the Report's characterization of the Complaint or facts relevant to enforcement of the Arbitration Policy. Neither does she point to any error in the Report's legal analysis.

Given the nature of Thomas's objections, it is doubtful they warrant a de novo review. Even under that standard, however, the court finds no error either in the analysis or recommendations relating to enforcement of the Arbitration Policy.

Neither does the court find any error in the recommendation that the matter be dismissed rather than stayed. Dismissal is appropriate when, as here, all claims fall within the scope of an enforceable arbitration provision. *Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001) ("dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"); *Alford v. Dean Witter Reynolds, Inc*., 975 F.2d 1161, 1164 (5th Cir. 1992)

---

[4] The only new information or argument in Thomas's objections relates to her execution of the Acknowledgement. As to this issue, Thomas provides a few additional facts including that her name is not printed on the Acknowledgement and an unknown person countersigned on a later date. These facts make no difference to the outcome as Thomas does not deny signing the Acknowledgment.

6

("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.").

While Thomas challenges enforceability of the Arbitration Policy, she does not (and, indeed, cannot) argue that any of her claims fall outside the scope of that policy. It follows that dismissal is an appropriate remedy. The court does, however, clarify that dismissal is without prejudice to Thomas's right to initiate an arbitration proceeding, should she elect to do so, and such further rights as may be available under federal law to enforce any arbitration award or challenge any decision that goes beyond the scope of the arbitrator's authority.[5]

## CONCLUSION

For reasons set forth above, the court adopts the recommendations and rationale of the Report as supplemented above, dismisses Santander Holdings as a Defendant under Rules 12(b)(1) and 12(b)(6), and dismisses the claims against SCUSA because they fall within the scope of a mutually-binding arbitration agreement. Dismissal of the claims against SCUSA is without prejudice to Thomas's right to pursue arbitration against that Defendant. Dismissal of the claims against Santander Holding is with prejudice.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 14, 2016

---

[5] Thomas states in her objection that the Magistrate Judge "dismissed the matter without a [sic] staying the matter or indicating dismissal without prejudice leaving the plaintiff with no recourse, rights, or privileges if arbitration fails." ECF No. 43 at 3. Thomas does not, however, argue that any of her claims fall outside the scope of the arbitration provision.